IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTICE SCOTT STADLER,

                     Plaintiff,

   v.                                                      OPINION and ORDER

ADMINISTRATIVE BRANCH,                          24-cv-695-jdp
STATE OF WISCONSIN,

                     Defendant.

---

Plaintiff Justice Scott Stadler, proceeding without counsel, alleges that state of Wisconsin officials have violated his rights in various ways in conjunction with an arrest. Stadler was detained at the Chippewa County Jail when he filed his complaint but he is now out of custody. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Stadler's complaint and supplement, Dkt. 1 and Dkt. 3, and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Stadler's current allegations fail to state a valid claim for relief. But I will give Stadler a chance to file an amended complaint better explaining his claims.

ANALYSIS

Stadler's allegations are vague: he states that entities in the "administrative branch" of Wisconsin government have violated his rights in various ways, including unlawfully arresting and imprisoning him, searching his car without a warrant, disallowing him a right to a jury trial and violating his right against self-incrimination. He doesn't explain the details of any of these events, such as when they occurred or what specific individuals harmed him.

Some of these allegations could potentially support claims for relief under 42 U.S.C. § 1983 for violations of Stadler's constitutional rights, but his allegations are too vague to comply with the Federal Rules of Civil Procedure and other pleading standards. Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court could reasonably infer from the allegations that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Stadler cannot directly sue the state of Wisconsin or its agencies. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–66 (1989) (states are not "persons" who may be sued for constitutional violations under § 1983). Stadler should have instead named the individual persons who he contends violated his rights. But it is not enough to name those individuals in the caption; he must explain what each of them did to violate his rights.

I will dismiss Stadler's current complaint but give him a chance to file an amended complaint better explaining his claims and ensuring that each individual defendant who he wishes to sue in this case understands what they did to violate his rights. In drafting his amended complaint, Stadler should remember to do the following:

- Identify all of the individuals he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes violated his rights. Rather than attributing his mistreatment to government agencies, he should explain what each individual defendant did to harm him.

- If he does not know the identity of particular defendants, he may label them as John Doe No. 1, John Doe No. 2, and so on. The court has procedures by which he may make discovery requests to identify those defendants later in the case.

If Stadler does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Justice Scott Stadler's complaint, Dkt. 1 and Dkt. 3, is DISMISSED.

2. Plaintiff may have until January 3, 2025, to submit an amended complaint.

Entered December 12, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge